**WO**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Steven J Stern,<br>Plaintiff,<br>v.<br>State Farm Mutual Automobile Insurance Company,<br>Defendant. | No. CV-25-00459-PHX-SMB<br>**ORDER** |

Pending before the Court is Plaintiff Steven J. Stern's Motion for Leave to File a First Amended Complaint. (Doc. 30.) The Motion is fully briefed. Defendant State Farm Mutual Automobile Insurance Company requested oral argument, but the Court elects to resolve the Motion without it. *See* LRCiv 7.2(f). For the following reasons, the Court **grants** Plaintiff's Motion.

## I. BACKGROUND

This is an insurance coverage dispute removed from state court. (*See generally* Docs. 1, 1-1.) Plaintiff purchased a 2023 Ford Raptor-R from a dealership in Oregon and entered into an installment contract with Ford Motor Credit Company to finance the purchase. (Doc. 1-1 at 7 ¶¶ 7–8.) Plaintiff contracted with a company to transport the vehicle from Oregon to Arizona, but the vehicle was never delivered and "has not been recovered or located, despite Plaintiff's extensive personal efforts and his communication with law enforcement in Arizona and Oregon." (*Id.* ¶¶ 12, 14.) Plaintiff submitted a claim to Defendant under his insurance policy, but Defendant denied coverage. (*Id.* ¶¶ 20–21.)

Plaintiff brought this suit for breach of contract and bad faith. (*See id.* at 9–11.)

In January 2026, Plaintiff filed a Status Report and Request for Rule 16 Conference. (Doc. 17.) In it, he informed the Court that the parties had "executed a written Settlement Agreement" but that the "anticipated dismissal of this action was delayed pending Defendant's satisfaction of its obligations under the Settlement Agreement." (*Id.* at 1.) Specifically, Defendant agreed to pay off the vehicle loan and "obtain written confirmation from Ford Motor Credit Company . . . that all debt had been satisfied and that Plaintiff's account [was] being closed." (*Id.* at 2.) "[T]hese terms were directly tied to the . . . loan's negative impact on Plaintiff's credit rating." (*Id.*) But Plaintiff stated that Ford Motor Credit Company "continue[d] to report an outstanding obligation . . . against Plaintiff with multiple credit reporting agencies," which "continue[d] to negatively impact Plaintiff and his credit rating." (*Id.*) Plaintiff charged Defendant with breach of the Settlement Agreement, so "any potential dismissal of the action [was] not ripe." (*Id.*)

At a Telephonic Trial Setting Conference, the Court ordered that, by April 1, 2026, one of three things would happen: (1) the parties would file a notice of settlement; (2) if the parties were unable to reach an agreement, Plaintiff could file an amended complaint if the parties stipulated to it; or (3) if Defendant contested the amendment, Plaintiff could file a motion for leave to amend. (Doc. 24.) On April 1, 2026, Plaintiff filed the Motion and included a proposed First Amended Complaint.[1] Defendant opposes. (Doc. 27.)

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 15(a) requires that leave to amend be "freely give[n] . . . when justice so requires." Leave to amend should not be denied unless "the proposed amendment either lacks merit or would not serve any purpose because to grant it would be futile in saving the plaintiff's suit." *Universal Mortg. Co. v. Prudential Ins. Co.*, 799 F.2d 458, 459 (9th Cir. 1986). Therefore, "a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d

[1] The Motion was later ordered sealed. (*See* Doc. 29.) The Court refers to the unsealed Motion for purposes of this Order.

1122, 1127 (9th Cir. 2000) (citation modified). In other words, "leave to amend should be denied as futile only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Barahona v. Union Pac. R.R. Co.*, 881 F.3d 1122, 1134 (9th Cir. 2018) (citation modified).

## III. DISCUSSION

Plaintiff seeks to amend his current claims of breach of contract and bad faith to center around the Settlement Agreement, namely, that Defendant did not fully satisfy the vehicle loan but, instead, made a reduced payment that Ford Motor Credit Company indicated it would accept as full satisfaction of the loan but ultimately did not. (*See* Doc. 30-1 at 5–9.) Plaintiff alleges there is an outstanding balance on the loan that has damaged his credit scores, caused his business credit lines to be reduced, and prevented him from refinancing "high-interest car loans." (*Id.* at 7.)

Defendant argues that any amendment would be futile because "any claim Plaintiff might have must be brought against Ford Motor Credit Company." (Doc. 27 at 1.) It states that Ford Motor Credit Company made Plaintiff an offer via letter that it would take a reduced payment, and Defendant made that reduced payment on Plaintiff's behalf by the specified date, so Defendant satisfied its obligations even if Ford Motor Credit Company later "reneged on its contract with Plaintiff." (*Id.* at 2, 4.) Defendant also argues that the Settlement Agreement only required it to pay Ford Motor Credit Company the "amount necessary, as set or accepted by Ford Motor Credit Company," and it did so. (*Id.* at 3 (citation modified).) Defendant thus concludes that it was Ford Motor Credit Company who breached its contract with Plaintiff, not Defendant. (*Id.* at 6.) Defendant also argues that Plaintiff cannot state an insurance bad faith claim arising out of the Settlement Agreement because "an insurance bad faith claim is rooted in the insurance contract (which is no longer at issue here)." (*Id.* at 9.)

In reply, Plaintiff argues that the Court may not consider the "extraneous facts and extrinsic evidence [Defendant] injects into its Response" because the test for whether a proposed amendment is futile is the same as that under Rule 12(b)(6), which does not

permit the Court to consider extrinsic evidence. (Doc. 28 at 2.) Considering the proposed amended pleading only, Plaintiff argues, the claims are not futile. (*Id.* at 2–3.) But even if those facts were considered, Plaintiff asserts that Ford Motor Credit Company's offer to him never became a valid contract because he did not accept it and because Defendant could not accept it on his behalf under Arizona law. (*Id.* at 3.)

**A. Consideration of Extrinsic Evidence**

The Court must first determine whether it may consider the facts and evidence Defendant presented that do not appear in the proposed First Amended Complaint. The Ninth Circuit has indicated that evidence offered in connection with a motion for leave to amend is "improperly proffered" and can be rejected by a court "given the applicable Rule 12(b)(6) analysis." *See Herring Networks, Inc. v. Maddow*, 8 F.4th 1148, 1161 (9th Cir. 2021); *see also Broam v. Bogan*, 320 F.3d 1023, 1026 n.2 (9th Cir. 2003) (permitting "[f]acts raised for the first time in *plaintiff's* opposition" to a Rule 12(b)(6) motion to dismiss to be "considered by the court in determining whether to grant leave to amend or to dismiss the complaint with or without prejudice" (emphasis added)). Another court in this District has concluded that it may not consider extrinsic evidence offered in opposition to a motion for leave to amend because the Rule 12(b)(6) standard applies in analyzing futility. *See Kunzi v. Ariz. Bd. of Regents*, No. CV-12-02327-PHX-JAT, 2013 WL 3895012, at *2 (D. Ariz. July 29, 2013) ("[I]t would . . . be inappropriate for the Court to consider matters outside the pleadings in deciding whether Plaintiff should be given leave to amend."). Accordingly, the Court will not consider the facts and evidence offered by Defendant in its opposition to the Motion and will only consider whether the claims in his proposed First Amended Complaint are sufficiently stated.

**B. Futility of Amendment**

Applying the Rule 12(b)(6) framework, the Court concludes that Plaintiff's claims are not futile. To survive dismissal under Rule 12(b)(6), a complaint need only "state[] a plausible claim for relief" when assuming the truth of the well-pleaded factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). This is so even if a plaintiff's recovery is

unlikely. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). Defendant's argument that Plaintiff will be unable to succeed on his claims given the underlying facts is therefore immaterial.

Here, Plaintiff alleges that he entered into a valid contract with Defendant—the Settlement Agreement—in which Defendant agreed to "make such payment(s) . . . to fully satisfy the Loan and all obligations related to the Loan." (Doc. 30-1 at 5–6 ¶ 29 (emphasis omitted).) Defendant "made a reduced payment that was $25,908.43 less than Plaintiff's outstanding obligation," which Ford Motor Credit Company did not accept in full satisfaction of the loan. (*Id.* at 6 ¶¶ 31–32.) Plaintiff's credit has suffered, which has caused him to be "unable to refinance high-interest car loans" and his lender to reduce his business credit lines and require quarterly banking records. (*Id.* at 7 ¶ 35.) And despite Plaintiff informing Defendant about the outstanding balance and the damage to his credit, Defendant has not taken any further action. (*Id.* at 6–7 ¶¶ 34, 36–37.) This sufficiently states claims for breach of the Settlement Agreement and bad faith. *See Graham v. Asbury*, 112 Ariz. 184, 185 (1975) (breach of contract); *Rawlings v. Apodaca*, 151 Ariz. 149, 153–55 (1986) (breach of the implied covenant of good faith and fair dealing).

Further demonstrating why Defendant's arguments must be rejected is that, under Arizona law, whether a party breached a contract or the implied covenant of good faith and fair dealing is typically a question of fact reserved for the factfinder. *See, e.g.*, *Navajo Health Found.-Sage Mem'l Hosp. Inc. v. Razaghi Dev. Corp.*, 800 F. Supp. 3d 955, 972 (D. Ariz. 2025) ("Whether a party has breached a contract is a question of fact."); *IOW, LLC v. Breus*, 425 F. Supp. 3d 1175, 1185 (D. Ariz. 2019) ("[W]hether a party has breached the contract is a question for the trier of fact."); *Keg Rests. Ariz., Inc. v. Jones*, 240 Ariz. 64, 77 (Ct. App. 2016) ("Whether a breach [of the covenant of good faith and fair dealing] occurred is a question of fact for the jury."). The Ninth Circuit has held that denial of leave to amend is inappropriate if "[q]uestions of fact must be resolved." *See Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988) (rejecting argument that "amendment would have been futile [to amend an answer to assert an affirmative defense of settlement] because

[a] settlement never occurred," reasoning that a factual question existed as to whether the settlement occurred). It is enough that a plaintiff make a "prima facie case," *see Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 893 (9th Cir. 2010), and that a plaintiff's factual allegations "may be a proper subject of relief," *Breier v. N. Cal. Bowling Proprietors' Ass'n*, 316 F.2d 787, 790 (9th Cir. 1963) (citation modified). Plaintiff has met these standards here; whether Defendant actually breached the Settlement Agreement or acted in bad faith is not appropriately determined now.

Finally, the Court rejects Defendant's argument that Plaintiff's bad faith claim is futile because it arises out of the Settlement Agreement, rather than the insurance policy. (*See* Doc. 27 at 9–11.) The parties advance many policy arguments about whether a settlement agreement between an insurer and an insured can provide the basis for a bad faith claim, but they have not identified any case law directly on point that would allow the Court to come to either conclusion. (*See id.*; Doc. 28 at 5–8.) At this stage, Defendant has not met its burden of showing that Plaintiff's bad faith claim would be futile. *See Am. Express Co. v. Xiongwen Rui*, No. CV-18-01281-PHX-DWL, 2020 WL 2395103, at *2 (D. Ariz. May 12, 2020) ("The party opposing amendment bears the burden of proving futility."). The parties may raise this issue in later motions if they choose.

Because Plaintiff's proposed First Amended Complaint is not futile, and because Defendant does not argue any other basis for denying leave to amend (*see generally* Doc. 27), Plaintiff "ought to be afforded an opportunity to test his claim on the merits" and "the leave sought should, as the rules require, be freely given." *See Foman v. Davis*, 371 U.S. 178, 182 (1962) (citation modified).

## IV. CONCLUSION

Accordingly,

**IT IS ORDERED granting** Plaintiff's Motion for Leave to File a First Amended Complaint (Doc. 30).

…

…

**IT IS FURTHER ORDERED** that, consistent with LRCiv 15.1(a), Plaintiff must file his First Amended Complaint within **14 days** of the date of this Order.

Dated this 10th day of November, 2026.

Honorable Susan M. Brnovich
United States District Judge